```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    MIDDLE DISTRICT OF ALABAMA
                         NORTHERN DIVISION

UNITED STATES OF AMERICA,    *
                             *
     PLAINTIFF,              *
                             *
V.                           *  CASE NO.  2:05CR204-T
                             *
BILLY R. MERCER, JR.,        *
                             *
     DEFENDANT.              *
```

**MOTION TO SUPPRESS**

Comes now the defendant, by counsel, and submits the following:

1. On October 10, 2004, at about 11:00 p.m. defendant was arrested by Prattville City Police on an outstanding warrant for failure to appear in the Municipal Court of Millbrook, Alabama. The arrest was made at defendant's motel room at the Hampton Inn on Cobbs Ford Road in Prattville, Alabama.

2. After the arrest the defendant was turned over to Millbrook City Police and transported to the Millbrook City Jail.

3. At about 4:00 a.m. on October 11, 2005, the defendant's motel room at the Hampton Inn was searched by a security guard and a motel employee who reportedly discovered illegal drugs (methamphetamine) in a tissue

dispenser. Shortly thereafter the Prattville City Police and/or other law enforcement officers conducted a warrantless search and seizure of the defendant's motel room wherein several zip lock baggies and a firearm were seized. Consent to search was given by a motel employee.

    4. At all relevant times the defendant was a registered guest for the room that was searched at the Hampton Inn and did not consent to the searches and seizures referred to in paragraph three above. Defendant was in jail at the time of the searches and seizures.

    5. On or about October 13, 2004, the defendant was interviewed by law enforcement agents at the Montgomery County Jail, wherein certain statements against interest were made by defendant to the agents. The defendant was subsequently indicted in the above styled case for possession with intent to distribute methamphetamine in violation of 21 U.S.C. 841(a)(1) and use/carry/possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1).

    6. The defendant denies that he was advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966) prior to or during the interview referred to in paragraph five above, and it was defendant's understanding that he was

only making statements with a promise or understanding from law enforcement that anything told to the law enforcement officers would be used to help defendant in his case and to help in getting him released from the Montgomery County jail.

## SEARCH AND SEIZURE

7.  Defendant contends that the search and seizure conducted in his motel room was in violation of the Fourth Amendment to the United States Constitution. In the case of <u>United States v. Forker</u>, 928 F.2d 365, 370 (11th Cir. 1991) it was stated that:

> This court has held, consistent with teaching from the Supreme Court, that a person does not forfeit fourth amendment protections merely because he is residing in a motel room. *United States v. Newbern, 731 F.2d 744, 748 (11th Cir. 1984).* [**11] Thus, a motel room, however temporary, is equivalent to one's home. *Bulman, 667 F.2d at 1384.* The warrantless search of a home is "presumptively unreasonable," *Payton v. New York, 445 U.S. 573, 586, 100 S. Ct. 1371, 1380, 63 L. Ed. 2d 639 (1980),* but is allowed where both probable cause and exigent circumstances exist. *Burgos, 720 F.2d at 1525.* n2 Since law enforcement officers may enter a home to make a warrantless arrest if exigent circumstances exist, then they may enter a motel room under the same conditions.

8.  There were no exigent circumstances in this case.

**STATEMENTS**

9.  Defendant contends that his statements to law enforcement were taken in violation of the principles set out in <u>Miranda v. Arizona</u>, supra, and its progeny, and are thus inadmissible in this prosecution.

10. Defendant Requests a hearing on this motion.

Wherefore based upon the above the defendant requests that upon consideration thereof that the items seized in the searches and seizures referred to above be suppressed and that all statements made by defendant to law enforcement be suppressed.

Respectfully submitted this 10 day of November, 2005.

<u>s/Jeffery C. Duffey</u>
JEFFERY C. DUFFEY
Attorney for
Billy Mercer, Jr.
600 South McDonough Street
Montgomery, AL 36104
Phone: 334-834-4100
Fax: 334-834-4101
email: <u>jcduffey@aol.com</u>
Bar No. ASB7699F67J

Of Counsel for Defendant
Benjamin Edward Schoettker
Barfoot & Schoettker, L.L.C.
608 S Hull St
Montgomery , AL 36104-5808
(334) 834-3282
(334) 262-8897 (fax)

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 10, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Terry Moorer and John T. Harmon, AUSA, P.O. Box 197, Montgomery, AL 36101.

                                                    s /Jeffery C. Duffey
                                                    JEFFERY C. DUFFEY
                                                    Attorney for Mercer