IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-cr-204-T |
| | ) | |
| BILLY R. MERCER, JR. | ) | |

**RESPONSE TO MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the above-captioned motion, and as reasons therefore, submits the following:

1. On October 10, 2004, at approximately 11:00 p.m., Defendant Mercer was arrested in the Prattville, Alabama Hampton Inn by Prattville Police Officers pursuant to a misdemeanor warrant from the Municipal Court of Millbrook, Alabama. A female companion who was not registered in the room was with Mercer at his arrest. The staff did not allow the female companion to remain in the room after Mercer's arrest. After Defendant Mercer was taken from the premises, employees of the Hampton Inn entered Defendant Mercer's room at approximately 4:00 a.m. and found narcotics in a tissue dispenser. The employees entered the room to determine if the female had re-entered the room and to clean the room for further rental. Prior to the discovery of the narcotics, the female kept returning to the hotel despite being told she could not re-enter the room. After finding the narcotics, Inn employees called the police, who in turn confiscated the narcotics from the room. A further search by the police, with the consent of the Staff, revealed a firearm and narcotics paraphernalia. After police found the narcotics, the defendant

admitted to ownership of the narcotics and possession of the firearm. Prior to questioning, the defendant voluntarily waived his right against self incrimination.

2. Defense argues the search is invalid because there was no exigent circumstances to justify the search and the incriminating statements were made without rights warnings.

3. The United States submits the argument fails for several reasons. First, the Fourth Amendment protections against unreasonable searches and seizures applies to searches conducted by government officials, not private citizens. See, Walter v. United States, 447 U.S. 649, 656 (1980). No government officials asked the hotel employees to conduct a search. The search took place because the hotel employees were preparing to rent the room to the next customer and the female kept returning to the hotel. The search by police was done with the consent of the Inn staff.

4. Next, the Government argues exigent circumstances required the search by authorities. Cupp v. Murphy, 412 U.S. 291, (1973). At arrest, Defendant Mercer had a guest in his room. The guest may have had a key or otherwise obtained access to the room. Several hours elapsed between the arrest of Defendant Mercer and law enforcement learning of the contraband which was in the room. The lapse of time made it imperative for law enforcement to act quickly to determine whether dangerous contraband was present in the room and/or others were removing materials from the room. Methamphetamine manufacture is a dangerous process which involves risks of chemical explosion and/or fire. It was not unreasonable to determine whether dangerous methamphetamine ingredients were within the room.

5. Further, the inevitable discovery doctrine allows the admission of the evidence. Murray v. United States, 487 U.S. 533, 539 (1988). The defendant rented the room for one

day. Law enforcement officers could have waited until checkout time later in the day and obtained the evidence. After checkout, the evidence would essentially be abandoned property. Abel v. United States, 362 U.S. 217, 241 (1960).

     6. Finally, evidence will show that the defendant knowingly and intelligently waived his rights against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 475 (1966).

     Respectfully submitted, this the 1st day of December, 2005.

                              LEURA GARRETT CANARY
                              UNITED STATES ATTORNEY

                              s/Terry F. Moorer
                              TERRY F. MOORER
                              Assistant United States Attorney
                              One Court Square, Suite 201
                              Montgomery, AL 36104
                              Phone: (334)223-7280
                              Fax: (334)223-7135
                              E-mail: terry.moorer@usdoj.gov
                              ASB-1176-O73T

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-cr-204-T |
| | ) | |
| BILLY R. MERCER, JR., | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jeffery Duffey, Esquire, and Benjamin E. Schoettker, Esquire..

Respectfully submitted,

s/Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: terry.moorer@usdoj.gov
ASB-1176-O73T