IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| Plaintiff, | * |
| | * |
| V. | * CR. NO. |
| **BILLY R. MERCER, JR** | * 2:05CR204-T |
| | * |
| Defendant. | * |

**OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE**

Comes now defendant Billy R. Mercer, Jr., by counsel, and objects to the Recommendation of the Magistrate Judge issued on December 22, 2005, and in support thereof submits the following:

I.

Defendant objects to the finding that the search of the defendant's motel room by law enforcement wherein a weapon and plastic bags were found was not in violation of the Fourth Amendment to the U. S. Constitution. See pages 7-8 of the Recommendation of the Magistrate Judge.

<u>Illinois v. Rodriquez</u>, 497 U.S. 177, 188 (1990) provides that:

> consent to enter must 'be judged against an objective standard: would the facts available to the officer at the moment. . .warrant a man of reasonable caution in the belief' that the consenting party had authority over the premises?'

It is contended that Officer Headley's decisions were

not reasonable, in consideration of all the circumstances. Even though the Officer testified that he did not know the checkout time of the motel, it is contended that it would be unreasonable for him to believe it was between 11:00 pm when defendant was arrested and 4:00 am when the search occurred. In any event Officer Headley as an experienced law enforcement officer should have a duty to make a reasonable inquiry of the motel office of the checkout time, which he did not.

Officer Headley knew that defendant could make a $500 bond to get out of municipal jail in Millbrook rather than pay the court fine, and that bail could be made 24 hours a day.

It was not reasonable for the officer to believe in good faith that the room for which defendant had prepaid automatically reverted back to the motel for consent to search purposes.

There was no evidence presented that defendant authorized the motel to consent to a search of his room, and in fact made it clear that it was his intention to return. Therefore, defendant respectfully objects to the finding of the Magistrate Judge that the search of his motel room wherein the gun was seized was valid under the Fourth

Amendment, U.S. Constitution.

                                II.

   Defendant objects to the finding that the warrantless entry to defendant's motel room was justified by exigent circumstances.  See pp. 9-11 of the Recommendation of the Magistrate Judge.

   The Magistrate Judge found two reasons exigent circumstances existed:

> [P]robable cause to believe that additional evidence of a crime might be found in defendant's motel room, given the security guard's previous discovery of drugs in the tissue dispenser.  Further, officers were reasonably justified in their belief that volatile chemicals potentially present in the motel room constituted a risk of harm to the public (footnote omitted).

It is contended that probable cause to believe a felony has been committed and that incriminating evidence will be found, in and of itself is not an exigent circumstance.  See gen.: Groh v. Ramirez, 540 U.S. 551,559 (2004).  In the instant case the meth drug alleged had a combined net weight of approximately 15.6 grams.  The motel room in question had already been entered on two previous occasions (once by law enforcement during the initial arrest and once by the motel security guard and other motel employee) and no evidence was presented of any indication of the presence of any dangerous

chemicals or of any type drug lab. Defendant's facts are distinguished from the cases cited in the Recommendation of the Magistrate Judge, pp. 10, because there was no reason to believe chemicals or a lab was in the motel room of the defendant based upon the fact that a small quantity of alleged drugs were found in a tissue dispenser.  The mere fact of the location of the drugs and the amount indicates no more than use and not manufacture.

### III.

Defendant objects to the Recommendation of the Magistrate Judge that statements made by defendant to law enforcement while in custody were not in violation of his privilege against self-incrimination and right to counsel. See pp. 11-12 of the Recommendation of the Magistrate Judge.

Agent Herman admitted that defendant had a hope that his cooperation would help him get out of jail.  Although the agent had access to written Miranda [ v. Arizona, 384 U.S. 436 (1966)] warning documents for defendants to execute, the statement was taken in a jail setting at the time set by the agent, none was executed in this case, it was all verbal. It is contended the Government has failed in it burden of proof to show that the defendant's rights were not violated.

CONCLUSION

It is respectfully submitted that upon consideration thereof, this court will reconsider the evidence submitted and overrule the Recommendation of the Magistrate Judge, and find that the search of defendant's motel room without a warrant was a violation of the Fourth Amendment to the U.S. Constitution; and that the statements taken from defendant were in violation of the Fifth and Sixth Amendments to the U.S. Constitution.

Respectfully submitted this 4th day of January, 2006.

s/Jeffery C. Duffey
JEFFERY C.  DUFFEY
Attorney for Defendant
Billy R. Mercer, Jr.
600 South McDonough Street
Montgomery, AL  36104
Phone: 334-834-4100
Fax: 334-834-4101
email: jcduffey@aol.com
Bar No.  ASB7699F67J

s/Benjamin E. Schoettker
Benjamine E.Schoettker
Attorney for Defendant
608 S. Hull Street
Montgomery, Al. 36104
Phone: 334-834-3444
Fax:   334-262-8897
bes@barfootschoettker.com
Bar No. ASB-7648-172S

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John T. Harmon
Terry F. Moorer
AUSA
P.O. Box 197
Montgomery, AL 36101

                              Respectfully submitted,

                              <u>s /Jeffery C. Duffey</u>
                              JEFFERY C. DUFFEY
                              Attorney for Defendant
                              Billy R. Mercer, Jr.