```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  MIDDLE DISTRICT OF ALABAMA
                       NORTHERN DIVISION

UNITED STATES OF AMERICA,    *
                             *
     PLAINTIFF,              *
                             *
V.                           *   CASE NO.  2:05CR204-T
                             *
BILLY MERCER, JR.,           *
                             *
     DEFENDANT.              *
```

## DEFENDANT BILLY MERCER, JR.'S
## <u>REQUEST FOR JURY INSTRUCTIONS</u>

The defendant, by undersigned counsel, hereby requests that the Court give the jury instructions which are attached hereto at the time it charges the jury on the law in this case.

Respectfully submitted this 5th day of February, 2006.

s/Jeffery C. Duffey
JEFFERY C. DUFFEY
Attorney for Defendant
Billy Mercer, Jr.
600 South McDonough Street
Montgomery, AL  36104
Phone: 334-834-4100
Fax: 334-834-4101
email: jcduffey@aol.com
Bar No.  ASB7699F67J


s/Benjamin E. Schoettker
Benjamine E. Schoettker
Attorney for Defendant
608 S. Hull Street
Montgomery, Al. 36104

```
Phone: 334-834-3444
Fax:   334-262-8897
bes@barfootschoettker.com
Bar No. ASB-7648-172S
```

### CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Terry Moorer, AUSA, P.O. Box 197, Montgomery, AL 36101.

s /Jeffery C. Duffey<br>
JEFFERY C. DUFFEY<br>
Attorney for Billy Mercer, Jr.

**DEFENDANT REQUESTED JURY CHARGE NO. 1**

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.


*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003*, no. 1 (Basic)

**DEFENDANT REQUESTED JURY CHARGE NO. 2**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003.*, 2.2 (Basic).

## DEFENDANT REQUESTED JURY CHARGE NO. 3

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No. 3 (Basic).

## DEFENDANT REQUESTED JURY CHARGE NO. 4

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003.*, No. 4.2 (Basic).

**DEFENDANT REQUESTED JURY CHARGE NO. 5**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No. 5 (Basic).*

**DEFENDANT REQUESTED JURY CHARGE NO. 6**

In some cases the law which a Defendant is charged with breaking actually covers two separate crimes – one is more serious than the other – and the second crime is generally called a "lesser included offense."

So, in this case, with regard to the offense charged in Count One - possession of methamphetamine, a controlled substance, with intent to distribute - if you should find the Defendant "not guilty" of that crime as defined in these instructions, you should then proceed to decide whether the Defendant is guilty or not guilty of the lesser included offense of possession of methamphetamine, a controlled substance. The lesser included offense would consist of proof beyond a reasonable doubt of all the facts stated before as necessary under Count One, except the intent to distribute methamphetamine.

Title 18, United States Code, Section 844, makes it a separate federal crime or offense for anyone to knowingly and intentionally possess a controlled substance without authorization.

Methamphetamine is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of the lesser offense of

possession of a controlled substance only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly and intentionally possessed methamphetamine without authorization.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003*, no. 10 (Special Instructions, p. 55) as modified by defendant; *21 USC 844*

**DEFENDANT REQUESTED JURY CHARGE NO. 7**

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No. 9.1 (Basic).* (modified by omitting the first paragraph regarding "on or about a certain date."

## DEFENDANT REQUESTED JURY CHARGE NO. 8

If you believe the evidence in this case did nothing more than create a suspicion, a possibility, speculation, or a guess that the defendant is guilty of the criminal act she is charged with, then that is an insufficient basis for conviction. Circumstances merely causing a suspicion of guilt are insufficient to justify a conviction of crime, and you must find her not guilty.

**DEFENDANT REQUESTED JURY CHARGE NO. 9**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you mut all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are the judges–judges of the facts. Your only interest is to seek the truth from the evidence in the case.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No. 11 (Basic).*