IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr204-LSC |
| | ) | |
| BILLY R. MERCER, JR. | ) | |

<u>PRELIMINARY ORDER OF FORFEITURE</u>

WHEREAS, in the forfeiture allegation of the indictment for forfeiture of property in the above case, the United States sought forfeiture of specific property.

WHEREAS, defendant Billy R. Mercer, Jr. consents to the forfeiture of specific property,

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty verdict on Count 2 of the indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), the defendant Billy R. Mercer, Jr. shall forfeit to the United States: **One Davis Industries .380 Caliber Pistol, bearing serial number AP 392840**.

2. The Court has determined, based on the record and the forfeiture allegation in the indictment, that the firearm is subject to forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), that defendant Billy R. Mercer, Jr. has an interest in said firearm and, that the government has established the requisite nexus between

said firearm and the offense for which defendant Billy R. Mercer, Jr. was found guilty.

3. Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the firearm and conduct any discovery proper in identifying, locating or disposing of said property, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the Order and its intent to dispose of the firearm in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in said firearm.

6. Any person, other than the above named defendant, asserting a legal interest in the firearm may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the said firearm, and for an amendment of the order of forfeiture pursuant to Title 21, United States Code, Section 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the

defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the firearm shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest and the time and circumstances of the petitioner's acquisition of the right, title or interest in said firearm, any additional facts supporting the petitioner's claim and the relief sought.

9. Upon the filing of any motion under Fed.R.Crim.P. 32.2(c)(1)(A) and Title 21, United States Code, Section 853(n) and pursuant to Fed.R.Crim.P. 32.2(c)(1)(B) and before a hearing, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the firearm following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

12. The Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office for the Middle District of Alabama.

Done this 24th day of February 2006.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124019